# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEEN L. JACKSON, | CASE NO. 1:07-cv-01699 OWW DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| M. ROBINSON, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

### Screening Order

**I.    Screening Requirement**

Plaintiff Fateen Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 26, 2007, and filed an amended complaint on February 25, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3    506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6    grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading

7    standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8    n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9    of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.   Summary of Plaintiff's Complaint**

12       Plaintiff is currently housed at Centinela State Prison in Imperial, California. The events

13   giving rise to the claims at issue in this action allegedly occurred at California Correctional

14   Institution in Tehachapi. Plaintiff alleges a violation of the Fourteenth Amendment, the Fifth

15   Amendment Takings Clause, and the Eighth Amendment arising from the confiscation of his stereo

16   during a cell search. Plaintiff names seven defendants, and seeks money damages and declaratory

17   relief.

18       **A.   Fifth Amendment Takings Clause**

19       The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate

20   property without paying for it," and "is designed to bar Government from forcing some people alone

21   to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."

22   <u>Vance v. Barrett</u>, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted).

23       Plaintiff's personal property was not confiscated by defendants for public a purpose and his

24   Takings claim fails as a matter of law. <u>See</u> <u>Kelo v. City of New London, Connecticut</u>, 545 U.S. 469,

25   477-80, 125 S.Ct. 2655, 2661-663 (2005).

26       **B.   Fourteenth Amendment Due Process Claim**

27       Plaintiff alleges that his stereo was confiscated during a cell search by defendant Robinson

28   because it did not conform with regulations. The Due Process Clause protects prisoners from being

1  deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974),

2  and prisoners have a protected interest in their personal property. <u>Hansen v. May</u>, 502 F.2d 728, 730

3  (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable

4  under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984) (citing <u>Logan</u>

5  <u>v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir.

6  1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute

7  a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment

8  if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517,

9  533 (1984).

10  Assuming that the confiscation was authorized and therefore actionable under section 1983,

11  plaintiff has not alleged any facts suggesting that he was deprived of due process.  As long as

12  plaintiff was provided with process, prison officials may deprive him of his property. Plaintiff fails

13  to state a claim upon which relief may be granted for violation of the Fourteenth Amendment.  The

14  Court shall dismiss plaintiff's complaint, with leave to file an amended complaint.

15  **C.    Eighth Amendment Claim**

16  The Eighth Amendment protects prisoners from inhumane methods of punishment and from

17  inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).

18  Extreme deprivations are required to make out a conditions of confinement claim, and only those

19  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

20  the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995

21  (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth

22  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

23  of and disregarded a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>Farmer v. Brennan</u>, 511

24  U.S. 825, 847, 114 S.Ct. 1970 (1994); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

25  The confiscation of plaintiff's stereo does not rise to the level of an Eighth Amendment

26  claim.  Plaintiff fails to state a claim upon which relief may be granted under the Eighth Amendment.

27  **D.    Section 1983 Linkage Requirement and Inmate Appeals Process**

28  Several of the defendants named in plaintiff's complaint were involved in the resolution of

3

1  plaintiff's grievance concerning the confiscation of his stereo.

2       Plaintiff is advised that to state a claim under section 1983, a plaintiff must allege that (1)

3  the defendant acted under color of state law and (2) the defendant deprived him of rights secured by

4  the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

5  2006).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

6  right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

7  DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

8  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

9  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

10  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions

11  in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section

12  1983 action.  Buckley, 997 F.2d at 495.

13  **III.**  **Conclusion and Order**

14       Plaintiff's complaint fails to state a claim upon which relief may be granted under federal

15  law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

16  deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

17  1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

18  amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

19  complaints).

20       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

21  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

22  Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual

23  allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell

24  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

25       Under section 1983, liability may not be imposed on supervisory personnel for the actions

26  of their employees under a theory of respondeat superior.  When a named defendant holds a

27  supervisorial position, the causal link between that defendant and the claimed constitutional violation

28  must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

1   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

2   relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the

3   defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

4   the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

5   that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

6   constitutional violation.'"   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

7   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

8          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

9   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

10  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

11  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

12  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

13  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

14  1474.

15         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

16  1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

17  2.     The Clerk's Office shall send Plaintiff a complaint form;

18  3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

19         amended complaint;

20  4.     Plaintiff may not add any new, unrelated claims to this action via his amended

21         complaint and any attempt to do so will result in an order striking the amended

22         complaint; and

23  5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this

24         action be dismissed, with prejudice, for failure to state a claim.

25     IT IS SO ORDERED.

26  **Dated:    November 3, 2008**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

27

28