# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEEN L. JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>M. ROBINSON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01699 OWW DLB PC<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT AND DIRECTING CLERK OF COURT TO FILE LODGED THIRD AMENDED COMPLAINT<br><br>(Doc. 14)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT ACTION BE DISMISSED FOR FAILURE TO STATE ANY FEDERAL CLAIMS UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 15) |

**Findings and Recommendations Following Screening of Third Amended Complaint**

**I.    Order Granting Motion to Amend Complaint**

Plaintiff Fateen Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 26, 2007.

On February 25, 2009, Plaintiff filed a motion for leave to file a third amended complaint. (Doc. 14). Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and

leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff motion for leave to file a third amended complaint is granted, and the Clerk of the Court is directed to file Plaintiff's Third Amended Complaint, lodged February 25, 2009. (Doc. 15).

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Summary of Plaintiff's Third Amended Complaint

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events giving rise to the claims at issue in this action allegedly occurred at California Correctional Institution ("CCI") in Tehachapi. Plaintiff alleges a violation of the Fourteenth Amendment, the Fifth Amendment Takings Clause, a conspiracy to violate civil rights, and a violation of state law. Plaintiff alleges that his stereo was confiscated during a cell search because it did not conform with regulations. Plaintiff contends that he was entitled to keep his stereo per Title 15 of the California Code of Regulations, section 3006(d) and that defendants intentionally misinterpreted or misapplied the regulations. Plaintiff names seven defendants, and seeks money damages and declaratory relief.

#### A. Fifth Amendment Claim

Plaintiff alleges a violation of the Fifth Amendment Takings Clause arising from the confiscation of his stereo, which he believes was subsequently donated to charity or to CCI. The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation" and "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." U.S. Const. Amend. V; Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted).

Plaintiff alleges that defendants improperly deemed his stereo contraband and therefore confiscated his property. He has not alleged any facts to support a claim that his personal property was confiscated by defendants for public purpose and accordingly his Takings claim fails. See Kelo v. City of New London, Connecticut, 545 U.S. 469, 477-80, 125 S.Ct. 2655, 2661-663 (2005).

#### B. Fourteenth Amendment Due Process Claim

Plaintiff alleges that in depriving him of his stereo, defendants abused their authority, and acted in bad faith and in callous indifference to his right to due process.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause,

see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff alleges that prison officials misinterpreted or misapplied the applicable regulations and that the confiscation of his stereo was therefore unauthorized. California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing to California Gov't Code sections 810-895). Therefore, Plaintiff's claim arising from the deprivation of his property is not cognizable under section 1983.[1]

**C.     Conspiracy**

Plaintiff further alleges that defendants conspired to deprive him of his personal property. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to

---

[1] Some of the defendants were involved in reviewing and deciding Plaintiff's inmate appeal grieving the loss of his property. To the extent Plaintiff is attempting to state a separate claim for denial of his appeal, that claim also fails. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

4

raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants and therefore he fails to state a cognizable claim.

### D. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because plaintiff has not stated any cognizable federal claims for relief, the court recommends the exercise of supplemental jurisdiction over Plaintiff's state law claims be declined and Plaintiff's state law claims be dismissed from this action, without prejudice.

### E. Claim for Declaratory Relief

In addition to money damages, Plaintiff seeks declaratory relief. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford

1 Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). The governmental conduct at issue in this action occurred in 2006 and 2007, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated. The Court recommends dismissal of the declaratory relief claim.

IV. **Conclusion and Recommendations**

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with the legal standards most applicable to his claims, and was not able to cure the deficiencies through amendment. Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state any federal claims for which relief may be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court further RECOMMENDS that Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **April 9, 2009**               **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE